IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| **WILLIAM ADAMS** and **TARRON GRAY**, on behalf of themselves and all others similarly situated, | CASE NO. |
| Plaintiff, | **PLAINTIFFS' COLLECTIVE ACTION COMPLAINT** |
| vs. | **JURY DEMAND ENDORSED HEREON** |
| **FRONTIER RAILROAD SERVICES, LLC**, | |
| Defendant. | |

### COLLECTIVE ACTION COMPLAINT

Plaintiffs William Adams ("Plaintiff Adams") and Tarron Gray ("Plaintiff Gray"), individually and on behalf of all others similarly situated, by and through their attorneys, bring this action against Defendant Frontier Railroad Services, LLC ("Defendant" or "Frontier") seeking unpaid wages, including overtime wages, and all other available relief under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.* Plaintiffs' FLSA claims are asserted as a collective action pursuant to 29 U.S.C. § 216(b). Based on personal knowledge of their own conduct and upon information and belief as to the conduct and acts of others, Plaintiffs allege as follows:

### PARTIES

1. Plaintiff William Adams is an adult resident of Ohio. At all relevant times, Plaintiff Adams was employed as an hourly, non-exempt employee of Defendant.

2. Plaintiff Tarron Gray is an adult resident of Pennsylvania. At all relevant times, Plaintiff Gray was employed as an hourly, non-exempt employee of Defendant.

3. Plaintiffs consent in writing to be parties to this collective action pursuant to 29 U.S.C. § 216(b), and their Consent to Join forms are attached hereto as **Exhibit A**.

4. Defendant Frontier is a Limited Liability Corporation, doing business in multiple states, including Ohio. Defendant can be served at its Ohio registered agent: Cogency Global INC., at 3958-D Brown Park Drive, Hilliard, OH 43026.

## JURISDICTION AND VENUE

5. Plaintiffs bring this action on behalf of themselves and all other similarly situated individuals pursuant to 29 U.S.C. §216(b).

6. At all relevant times, Defendant was an "employer" within the meaning of the FLSA, 29 U.S.C. § 203(d); an "enterprise" within the meaning of the FLSA, 29 U.S.C. § 203(r); and an "enterprise engaged in commerce or in the production of goods for commerce" within the meaning of the FLSA, 29 U.S.C. § 203(s)(1).

7. At all relevant times, Plaintiff and similarly situated individuals were Defendant's "employees" within the meaning of the FLSA, 29 U.S.C. § 203(e).

8. At all times material to this Complaint, Defendant had two (2) or more employees who have regularly sold, handled, or otherwise worked on goods and/or materials that had been moved in or produced for commerce.

9. At all relevant times to this Complaint, Defendant's gross annual sales volume was in excess of $500,000.00 per annum at all times material hereto.

10. At all times material to this Complaint, Defendant was an enterprise engaged in interstate commerce or in the production of goods for commerce as defined by the FLSA, 29 U.S.C. § 203(s).

11. Defendant is subject to personal jurisdiction in the State of Ohio because Defendant does business in the State of Ohio, and the events giving rise to the lawsuit occurred in Ohio.

12. Venue is proper in this Court because Defendant performs track and transit construction and maintenance work in this District; Named Plaintiffs, the Opt-In Plaintiffs and members for the putative class performed work for Defendant in this District; and many of the events giving rise to the lawsuit occurred in this District, including Franklin, Pickaway, and Harrison counties.

## FACTUAL ALLEGATIONS

13. Defendant performs railroad construction, maintenance and assessment services in multiple states.

14. At all relevant times, Defendant employed Plaintiffs and similarly situated individuals as non-exempt employees, such as laborers and operators.

15. Plaintiffs and those similarly situated primarily performed manual worked related to Defendant's track and transit system construction and maintenance services.

16. Plaintiffs and those similarly situated were required to report to jobsites to perform Defendant's construction and maintenance services in various states. These jobsites were frequently located hundreds of miles away from the home communities of Plaintiffs and those similarly situated.

17. Plaintiffs and those similarly situated typically work forty (40) or more hours per workweek.

18. Plaintiffs and those similarly situated typically worked on jobsites located away from their home communities and stayed overnight in hotels ("Overnight Jobs").

19. Plaintiffs and those similarly situated were required to travel to these Overnight Jobs, and this travel regularly cut across their normal working hours during both regular working days and nonworking days.

20. Pursuant to Defendant's companywide policy, Plaintiffs and those similarly situated are not paid for all of the time they spent traveling to Overnight Jobs. For example, Defendant has a companywide policy that expressly excludes payment for the first hour of travel to Overnight Jobs. That same policy also excludes payment for travel to Overnight Jobs before the hours of 7:00 AM and after 4:00 PM, even though Plaintiffs and those similarly situated typically worked earlier than 7:00 AM and later than 4:00 PM.

21. Moreover, pursuant to Defendant's companywide policy, Defendant did not count the time that Plaintiffs and those similarly situated spent traveling to Overnight Jobs as hours worked for purposes of computing the number of hours worked per workweek. Thus, Plaintiffs and those similarly situated were not compensated for all of their travel time to Overnight Jobs at an overtime rate, even when such travel resulted in a workweek in excess of 40 hours.

22. At all material times, Defendant knew or should have known that its conduct described herein was a violation of law. Thus, Defendant willfully and knowingly deprived Plaintiffs and those similarly situated of proper wages, including overtime wages.

23. Defendant knew that Plaintiffs and those similarly situated were working overtime hours, and hours for which they were not being fully and lawfully compensated.

24. The exact amount of compensation, including overtime compensation that Defendant has failed to pay Plaintiffs and other similarly situated individuals is unknown at this time. However, Defendant possesses many of the records necessary to make precise calculations.

25. The FLSA requires employers to make, keep, and preserve records of wages, hours, and other conditions and practices of employment, and to preserve such records.

26. As a result of Defendant's conduct described herein, it failed make, keep or preserve accurate records of all hours worked by Plaintiffs and similarly situated individuals.

27. To the extent Defendant failed to keep proper records, Plaintiffs and those similarly situated are entitled to rely on reasonable estimates of hours worked and wages owed.

28. Defendant's unlawful conduct has been widespread, repeated, and consistent.

29. Defendant's conduct was willful and in bad faith and has caused significant damages to Plaintiffs and similarly situated individuals.

## COLLECTIVE ACTION ALLEGATIONS

30. Plaintiffs re-allege and incorporate by reference the above paragraphs as if fully set forth herein.

31. Plaintiffs bring this action on behalf of themselves and all other similarly situated individuals pursuant to the FLSA, 29 U.S.C. § 216(b). The proposed collective is defined as follows:

> **All of Defendant's current or former hourly employees who have not been paid for all time spent traveling to jobsites in which an overnight stay was required when such travel resulted in a workweek in excess of 40 hours during the three (3) years preceding the filing of this action through the final disposition of this matter ("FLSA Collective").**

32. Plaintiffs are similarly situated to the FLSA Collective and will prosecute this action vigorously on their behalf.

33. During the relevant time period, Plaintiffs and the FLSA Collective routinely spent time traveling to Overnight Jobs. This travel routinely cut across the hours that Plaintiffs and the FLSA Collective members typically worked.

34. Plaintiffs and the FLSA Collective were not compensated for all of their travel time to Overnight Jobs at an overtime rate, even when such travel resulted in a workweek in excess of 40 hours.

35. Defendant willfully engaged in a pattern of violating the FLSA, 29 U.S.C. § 201 *et seq.*, as described in this Complaint in ways including, but not limited to, failing to pay Plaintiffs and the FLSA Collective proper compensation, including overtime compensation as a result of Defendant's written policies and practices concerning travel time.

36. Defendant's conduct constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

37. Defendant is liable under the FLSA for failing to properly compensate Plaintiffs and the FLSA Collective and, as such, notice of this action should be sent to the FLSA Collective. There are numerous similarly situated current and former employees of Defendant who have been denied overtime wages in violation of the FLSA and would benefit from the issuance of a court-supervised notice of this action and the opportunity to join it. Those similarly situated employees are known to Defendant and are readily identifiable through Defendant's records.

### COUNT I - FAILURE TO PAY WAGES, INCLUDING OVERTIME WAGES, IN VIOLATION OF THE FAIR LABOR STANDARDS ACT
### (On Behalf of Plaintiffs and the FLSA Collective)

38. Plaintiffs re-allege and incorporates by reference the above paragraphs as if fully set forth herein.

39. The FLSA and U.S. Department of Labor regulations require payment for travel time when employees are required to travel away from their home communities. *See* 29 C.F.R. § 785.39.

40. The FLSA does not permit an employer to automatically deduct one hour of work time from hours worked.

41. As employees of Defendant, Plaintiffs and the FLSA Collective have not been compensated for time spent traveling away from their home communities to Defendant's jobsites at an overtime rate, even when such travel resulted in a workweek in excess of 40 hours.

42. The FLSA at 29 U.S.C. § 207 requires employers to pay employees one and one-half times the regular rate of pay for all hours worked in excess of 40 hours per workweek.

43. Plaintiffs and the FLSA Collective do not qualify for an exemption from the FLSA's wage and overtime obligations.

44. Defendant knew that Plaintiffs and the FLSA Collective are not exempt from the FLSA's wage and overtime provisions.

45. Defendant knew that it was required to pay Plaintiffs and the FLSA Collective for all hours worked over 40 in any workweek at the lawfully required one and one-half times their regular rates.

46. In spite of such knowledge, Defendant willfully withheld and failed to pay the overtime wages to which Plaintiffs and the FLSA Collective are entitled.

47. Defendant knew, or showed reckless disregard for the fact, that it failed to compensate Plaintiffs and the FLSA Collective proper wages, including all overtime wages earned.

48. Defendant's actions, policies, and practices described herein violate the FLSA's overtime pay provisions by regularly and repeatedly failing to compensate Plaintiffs and the FLSA Collective at the required overtime rate for all overtime hours worked.

49. In violation of the FLSA, 29 C.F.R. § 516, Defendant has failed to make, keep, and preserve accurate records with respect to each of their employees, including Plaintiffs and the FLSA Collective, sufficient to determine Plaintiffs' and the FLSA Collective's wages, hours, and other conditions and practice of employment.

50. The conduct described herein constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

51. As the direct and proximate result of Defendant's unlawful conduct, Plaintiffs and the FLSA Collective have suffered and will continue to suffer a loss of income and other damages; and because wages remain unpaid, harm continues.

52. Plaintiffs and the FLSA Collective seek damages in the amount of their unpaid overtime wages, liquidated damages, interest, reasonable attorneys' fees and costs pursuant to 29 U.S.C. §§ 216(b) and 255(a), and such other legal and equitable relief as the Court deems just and proper.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs, on behalf of themselves and all similarly situated members of the FLSA Collective, respectfully request that this Court grant the following relief:

a. Designation of this action as a collective action under the FLSA, and direct prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of the FLSA Collective apprising them of the pendency of this action, and permitting them to assert FLSA claims in this action by filing individual consent to join forms pursuant to 29 U.S.C. §216(b);

b. Judgment that Plaintiffs and the members of the FLSA Collective are non-exempt employees entitled to protection under the FLSA;

c. Judgment against Defendant for violation of the wage and overtime provisions of the FLSA, including violations for failing to maintain accurate time records of all hours worked by Plaintiffs and the FLSA Collective;

d. Judgment that Defendant acted willfully and in bad faith in violating the FLSA;

e. Judgment against Defendant awarding an amount equal to Plaintiffs' and the FLSA Collective's unpaid wages, including overtime wages, at the applicable rate, including the applicable overtime rate calculated as one and one-half times the regular rate of pay, and an equal amount of liquidated damages;

f. An award of reasonable attorneys' fees and costs pursuant to 29 U.S.C. § 216;

g. An award of pre and post-judgment interest; and

h. Such further relief as the Court deems just and equitable.

Respectfully submitted,

**NILGES DRAHER LLC**

*/s/ Robi J. Baishnab*
Robi J. Baishnab (0086195)
34 N. High St., Ste. 502
Columbus, OH 43215
Telephone: (614) 824-5770
Fax: (330) 754-1430
Email: rbaishnab@ohlaborlaw.com

Hans A. Nilges (0076017)
Shannon M. Draher (0074304)
7266 Portage Street, NW, Suite D
Massillon, Ohio 44646
Telephone: (330) 470-4428
Fax: (330) 754-1430
Email: hans@ohlaborlaw.com
sdraher@ohlaborlaw.com

*Counsel for Plaintiff*

## DEMAND FOR TRIAL BY JURY

Plaintiff demand a trial by jury as to all questions of fact raised by the Complaint.

*/s/ Robi J. Baishnab*
Robi J. Baishnab
*Counsel for Plaintiff*

9