**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | |
|---|---|
| **WILLIAM ADAMS, *et al.*,** on behalf of themselves and all others similarly situated, ) ) | |
| ) | Case No. 2:19-cv-808 |
| Plaintiffs, ) ) | Judge Sarah D. Morrison |
| ) | Magistrate Judge Chelsey M. Vascura |
| v. ) ) | |
| **FRONTIER RAILROAD SERVICES, LLC**, ) ) | |
| Defendant. ) | |

# ORDER

Named Plaintiffs William Adams and Tarron Gray (the "Named Plaintiffs"), on behalf of themselves and others (collectively, "Plaintiffs"), and Defendant Frontier Railroad Services, LLC, ("Defendant") (collectively the "Parties") have moved this Court to approve the settlement of claims brought pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b), and to approve the terms of their proposed settlement agreement (the "Agreement"). (ECF No. 42-1.)

Having reviewed the Agreement, the Parties' Joint Motion for Fair Labor Standards Act Settlement Approval, and the Declaration of Robi J. Baishnab, and for good cause established therein, the Court hereby approves settlement of the FLSA claims as provided in the Agreement as follows:

1. Unless otherwise defined, all terms used in this Order have the same meaning as defined in the Agreement.

2. On March 6, 2019, Named Plaintiffs William Adams and Tarron Gray filed a Complaint alleging that Defendant violated the FLSA by failing to pay Named Plaintiffs and other similarly situated employees adequate overtime compensation due to time spent traveling to out-of-town jobsites. (Compl. ¶¶ 18–34, ECF No. 1.)

3. On April 15, 2019, Defendant filed its Answer in which it denied that it violated the FLSA. (ECF No. 6.)

4. On August 19, 2019, the Parties filed their Joint Stipulation to Conditional Certification and Notice in which they agreed to certify a class consisting of "[a]ll of Defendant's current or former hourly employees who traveled to jobsites in which an overnight stay was required when such travel resulted in a workweek in excess of forty (40) hours during the period of July 1, 2016, to the present. (ECF No. 11 ¶ 2.) On September 5, 2019, the Court approved this Joint Stipulation and approved the attached notice and consent subject to revisions. (ECF No. 17.)

5. Plaintiffs' counsel mailed the approved notice to the putative class members on October 10, 2019, and the sixty-day notice period closed on December 9, 2019. (Robi J. Baishnab Decl. ¶ 10, ECF No. 42-2.)

6. Forty-seven individuals joined this case, along with the two Named Plaintiffs, for a total class size of forty-nine Plaintiffs. (ECF Nos. 3, 24–21.)

7. After the close of the notice period, the Parties engaged in approximately six months of settlement negotiations. (Baishnab Decl. ¶¶ 12, 19.)

8. As a part of these negotiations, Defendant provided wage and hour data for Plaintiffs, including data concerning travel time. (*Id.* ¶ 13.) Plaintiffs' counsel engaged a consultant to assist them in analyzing these documents to approximate damages. (*Id.* ¶¶ 13–18.)

9. The Parties continue to disagree about aspects of this case, including whether travel time was unpaid, whether overtime compensation was owed, whether liquidated damages are appropriate, and whether a two- or three-year statute of limitations is applicable. (*Id.* ¶ 19.)

10. Settlement of FLSA claims is subject to approval by the Court.

11. The Agreement was achieved after arms-length and good faith negotiations between the Parties and their counsel, who have experience litigating FLSA and state wage and hour claims.

12. The Court approves the Agreement as a fair and reasonable settlement of the claims made pursuant to § 16(b) of the FLSA, 29 U.S.C. § 216(b).

13. The Court approves the Service Award for Named Plaintiffs in recognition of their services in this case and as provided in the Agreement.

14. The Court approves the payment of attorneys' fees and expenses to Class Counsel as provided in the Agreement. The requested attorney's fees award, which is one-third of the common fund, is reasonable. *See Hebert v. Chesapeake Operating, Inc.*, No. 2:17-CV-852, 2019 WL 4574509, at *7–8 (S.D. Ohio Sept. 20, 2019).

15. The Court orders that distributions to Plaintiffs, the reserve for the Late Opt-In Plaintiffs, Service Awards, attorneys' fees, and expenses be distributed in the manner, and subject to the terms and conditions, set forth in the Agreement.

16. The Court dismisses the claims of the Named Plaintiffs, individually and on behalf of the Opt-in Plaintiffs and any Late Opt-In Plaintiffs who affirmatively join this matter by filing a consent to join form as provided in the Agreement.

17. The Court retains jurisdiction over this case to enforce the terms of the Settlement, including the addition of Late Opt-In Plaintiffs and the distribution of payments.

**IT IS SO ORDERED**.

/s/ Sarah D. Morrison
**SARAH D. MORRISON**
**UNITED STATES DISTRICT JUDGE**